UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAMUEL SHANKS,
    Plaintiff,

v.

INTERNATIONAL UNION OF
BRICKLAYERS AND ALLIED
CRAFTWORKERS,
    Defendant.

Civil Action No. 23-311 (CKK)

**MEMORANDUM OPINION**
(July 18, 2023)

Plaintiff Samuel Shanks ("Shanks" or "Plaintiff") brought an action in the Superior Court of the District of Columbia against Defendant International Union of Bricklayers and Allied Craftworkers ("BAC" or "Defendant"), alleging that Defendant violated the District of Columbia Human Rights Act, the Americans with Disabilities Act of 1990, Title VII of the Civil Rights Act of 1964, and "other applicable Civil Rights Acts." *See generally* Compl.  Defendant removed this action from D.C. Superior Court to federal court based on federal question jurisdiction.  Now pending before the Court is Plaintiff's [11] Motion to Remand, in which Plaintiff argues that Defendant's removal was improper for three reasons: first, that Defendant's notice of removal was not timely; second, that this court lacks subject matter jurisdiction; and third, that Defendant's removal before being served was inappropriate. *See* Pl.'s Mot. at 1–5.  Upon consideration of the briefing,[1] the relevant legal authorities, and the record as a whole, the Court shall **DENY** Plaintiff's Motion to Remand.

---

[1] The Court's consideration has focused on the following documents:
- Plaintiff's Complaint, ECF No. 1-1 ("Compl.");
- Defendant's Notice of Removal, ECF No. 1 ("Notice of Removal");
- Plaintiff's Motion to Remand, ECF No. 11 ("Pl.'s Mot.");
- Defendant's Opposition to Motion for Remand, ECF No. 12 ("Def.'s Opp'n");

1

## I. BACKGROUND

Plaintiff Samuel Shanks, who is proceeding *pro se*, worked for Defendant until October 2021.  Compl. ¶ 1.  Prior to his termination, Plaintiff alleges he experienced "bouts of harassment, retaliation, targeting, systemic discrimination, excessive discipline, pay disparity, denied promotional opportunities, vilification and bullying by upper management…."  *Id.*  Plaintiff was ultimately terminated for failing to comply with Defendant's COVID-19 Vaccination Policy, which Plaintiff maintains was wrongful in nature.  *See id.*; Notice of Removal ¶ 2.

In response to these events, Plaintiff filed a Complaint in D.C. Superior Court on December 30, 2022, alleging that Defendant violated the District of Columbia Human Rights Act, the Americans with Disabilities Act of 1990, Title VII of the Civil Rights Act of 1964, and "other applicable Civil Rights Acts."  Compl. ¶ 1.  On February 3, 2023, Defendant removed the complaint to this Court pursuant to 28 U.S.C. § 1441(a).  *See* Notice of Removal ¶ 3.  Defendant then filed a [8] Motion to Dismiss on February 21, 2023, pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See generally* ECF No. 8.  On March 6, 2023, prior to the deadline to respond to Defendant's Motion to Dismiss, Plaintiff filed the pending Motion to Remand.  The Court then vacated the briefing schedule and held in abeyance the Motion to Dismiss pending the resolution of Plaintiff's Motion to Remand.  *See* Minute Order, Mar. 8, 2023.  Plaintiff's Motion to Remand is now fully briefed and ripe for resolution.

---

- Plaintiff's Reply Brief to Support Motion to Remand, ECF No. 12 ("Pl.'s Reply").

In an exercise of its discretion, the Court finds that holding oral 13 in this action would not be of assistance in rendering a decision.  *See* LCvR 7(f).

2

## II. LEGAL STANDARD

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Upon filing a notice of removal, the defendant "bears the burden of proving that jurisdiction exists in federal court." *Downey v. Ambassador Dev., LLC*, 568 F. Supp. 2d 28, 30 (D.D.C. 2008) (JDB). Similarly, "[w]hen a plaintiff seeks to have a case that has been removed to federal court remanded back to state court, the party opposing a motion to remand bears the burden of establishing that subject matter jurisdiction exists in federal court." *Mizell v. SunTrust Bank*, 26 F. Supp. 3d 80, 84 (D.D.C. 2014) (KBJ) (quotation omitted). Courts in this jurisdiction "construe[] removal jurisdiction strictly, favoring remand where the propriety of removal is unclear." *Ballard v. D.C.*, 813 F. Supp. 2d 34, 38 (D.D.C. 2011).

## III. DISCUSSION

Plaintiff argues that Defendant's removal was improper for three reasons: first, that Defendant's notice of removal was not timely; second, that this court lacks subject matter jurisdiction; and third, that Defendant's removal before being served was inappropriate. See Pl.'s Mot. at 1–5. The Court now addresses these arguments in turn.

### A. Timeliness of Filing

First, Plaintiff argues that Defendant filed its Notice of Removal after the deadline to do so had passed. Pl.'s Mot. ¶¶ 6–9; 18. Pursuant to statute, a defendant has thirty days after receipt of the initial pleading, through service or otherwise, to file a notice of removal. 28 U.S.C. § 1446(b). Here, Defendant filed its Notice of Removal on February 3, 2023. Therefore, to be timely filed, Defendant must have received a copy of the Complaint no earlier than January 4, 2023.

Defendant contends that it first gained access to a copy of the Complaint on January 4, 2023, *see* Notice of Removal ¶ 1, which it supports through sworn declarations from both its outside counsel of record and General Counsel, *see* ECF No. 12-1 ("Kekacs Decl."); ECF No. 12-2 ("O'Connor Decl."). On December 28, 2022, Defendant received in the mail a Notice of Remote Initial Scheduling Conference in D.C. Superior Court for a case brought by Taylor Lambert, which was notated as a related action to the present one brought by Plaintiff Shanks. Kekacs Decl. ¶ 3; O'Connor Decl. ¶ 2. On January 3, 2023, Defendant's General Counsel reached out to its outside counsel of record, Bredhoff & Kaiser P.L.L.C., with this information. Kekacs Decl. ¶ 2; O'Connor Decl. ¶ 4. The following day, January 4, 2023, a paralegal at Bredhoff & Kaiser contacted the office of the Clerk at D.C. Superior Court and requested a copy of Ms. Lambert's complaint. Kekacs Decl. ¶ 4. The paralegal also inquired about whether any other complaints had been filed against Defendant. *Id.* A deputy clerk emailed a copy of Ms. Lambert's complaint and the Complaint filed by Plaintiff Shanks to the paralegal that same day. *Id.*; Kekacs Decl. at 7 (email from clerk to paralegal sent on January 4, 2023, with subject line including case number and text "eCopy of Complaint"); *see also* O'Connor Decl. ¶ 5.

Plaintiff suggests that Defendant obtained a copy of the Complaint prior to January 4, 2023. Pl.'s Mot. ¶¶ 6–8. To support this, he points to Defendant's Notice of Removal, in which Defendant attached said "Notice of Remote Initial Scheduling Conference" that was stamped with "Received Dec 28 2022". *See id.* ¶¶ 7–8; Pl.'s Mot. Ex. 1 at 12. Defendant admits that they received the Notice of Remote Initial Scheduling Conference on December 28, 2022, as discussed previously, and, furthermore, this does nothing to support Plaintiff's assertion that Defendant received the *Complaint* at that time or any time before January 4, 2023. Next, in his reply brief, Plaintiff states that "BAC searched the Court dockets for this case upon receiving

4

[the] Notice on December 28, 2022." Pl.'s Reply at 2.  While Plaintiff is correct that, per Defendant's own words, as included in a previous [6] Motion for Extension of Time to Respond to Plaintiff's Complaint, "[a]fter BAC received [the Notice] in the mail from the Superior Court in a related case, BAC searched the Superior Court docket to determine whether Plaintiff had filed a Complaint and then requested a copy of the Complaint from the Superior Court clerk's office," ECF No. 6 at 1, nowhere does Defendant specify on which date they conducted that docket search or, further, whether they accessed the Complaint on that date.  Rather, the next sentence states that Defendant "received the Complaint on January 4, 2023."  *Id.*  Plaintiff's only other proffered support is a declaration from an ex-employee of International Union of Bricklayers and Allied Craftworkers suggesting that they had been "persuaded by" or "pressured by" their employer "to falsify" certain information.  ECF No. 13-1 ¶¶ 7–8.  This does not do anything to confirm, let alone suggest, that Defendant received the Complaint prior to January 4, 2023.

Accordingly, without more concrete evidence to support Plaintiff's position that Defendant received the Complaint prior to January 4, 2023, this Court finds that Defendant timely filed its notice of removal.

**B. Subject Matter Jurisdiction**

Next, Plaintiff makes a jurisdictional argument.  Pursuant to 28 U.S.C. § 1441, a defendant may properly remove a civil action filed in state court to a federal district court that has original subject matter jurisdiction. 28 U.S.C. § 1441(a).  Accordingly, a defendant in a state court action may remove a case on the basis of the federal court's diversity jurisdiction, *see* 28 U.S.C. § 1332(a) (providing for original subject matter jurisdiction over cases between citizens of different states, where the amount in controversy exceeds $75,000), or because the case raises

a cognizable question of federal law, see *id.* § 1331 (providing for original subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States"), among other bases.

Here, Plaintiff argues that the case should be remanded to D.C. Superior Court because Defendant's Notice of Removal "elevat[ed] the federal question jurisdiction while purposely minimizing the State Law even though the state law was listed first in the Complaint." Pl.'s Mot. ¶ 3. But regardless of the emphasis or order of Plaintiff's claims, this Court has subject matter jurisdiction over his action pursuant to federal question jurisdiction. *See* Def.'s Opp'n at 2; Notice of Removal ¶ 3.

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,'" *Caterpillar*, 482 U.S. at 392, which provides that "a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law],'" *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). In the instant case, Plaintiff raised violations of two federal laws: the Americans with Disabilities Act of 1990 and Title VII of the Civil Rights Act of 1964. *See* Compl. ¶ 1. The fact that Plaintiff also included state law claims, or that he listed state laws prior to listing federal laws, is inconsequential to the inquiry of whether federal question jurisdiction exists. Therefore, because a federal question clearly appears on the face of Plaintiff's Complaint, Defendant's removal of the case to federal court pursuant to federal question jurisdiction was unquestionably proper.

Next, the Court finds that it has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In certain circumstances where "a federal court has an independent basis for exercising federal jurisdiction," it may also exercise

"supplemental jurisdiction over related claims under state law." *Women Prisoners of D.C. Dep't of Corr. v. District of Columbia*, 93 F.3d 910, 920 (D.C. Cir. 1996). First, the court must determine "whether the state and the federal claims 'derive from a common nucleus of operative fact.'" *Id.* (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)); *see also Lindsay v. Gov't Employees Ins. Co.*, 448 F.3d 416, 423–24 (D.C. Cir. 2006). If so, the court then has the power under Article III of the Constitution to hear the state claims, *Women Prisoners*, 93 F.3d at 920; *see also* 28 U.S.C. § 1367(a); if the claims do not derive from a common nucleus of operative fact, the court cannot exercise supplemental jurisdiction and the state claims must be dismissed, *Wisey's #1 LLC v. Nimellis Pizzeria LLC*, 952 F. Supp. 2d 184, 188 (D.D.C. 2013) (JDB). Next, even if the court has the power to adjudicate the state law claims, it must consider certain bases for declining to exercise supplemental jurisdiction as enumerated by 28 U.S.C. § 1367(b) and (c). *See Lindsay*, 448 F.3d at 421.

Here, Plaintiff's federal and state law claims derive from a common nucleus of operative fact: the "harassment, retaliation, targeting, systemic discrimination, excessive discipline, pay disparity, denied promotional opportunities, vilification and bullying by upper management" that Plaintiff allegedly experienced while employed by Defendant, and his subsequent termination pursuant to Defendant's COVID-19 Vaccination Policy. *See* Compl. ¶ 1. None of the factors that may lead courts to decline to exercise supplemental jurisdiction are present. Therefore, at this time and on the present record, this Court chooses to assert supplemental jurisdiction over Plaintiff's state law claims.

### C. Improper Procedure

Finally, Plaintiff argues that Defendant engaged in "snap removal" by removing the action to federal court prior to service of the Complaint. Pl.'s Mot. ¶ 2.

Case law is clear that "[f]ederal courts have held that formal service is not required before removing a case." *See Middlebrooks v. Godwin Corp.,* 279 F.R.D. 8, 11 (D.D.C. 2011) (BAH) (collecting cases). One exception is the forum defendant rule, under which "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). That rule is not applicable here, where the case was properly removed based on federal question jurisdiction. *See* Notice of Removal ¶ 3. The Court therefore finds that Defendant's removal of the action prior to service of the Complaint was not improper.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's [11] Motion to Remand. An appropriate order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge