IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAMUEL SHANKS, )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>INTERNATIONAL UNION OF )<br>BRICKLAYERS AND ALLIED )<br>CRAFTWORKERS & )<br>)<br>TIMOTHY DRISCOLL, President of BAC & )<br>)<br>CANDICE DUBBERLY, Executive Director of FMU )<br>)<br>*Defendant*. )<br>) | Case No. 1:23-cv-00311-CKK |

## AMENDED COMPLAINT

(Pursuant to the Scheduling Order issued by the Court)

## INTRODUCTION

1. Pro se Plaintiff Samuel Shanks ("Plaintiff") is an effeminate-presenting gay Black American man who was employed by the International Union of Bricklayers & Allied Craftworkers ("BAC") in the Accounting Department for over 20 years. Plaintiff brings this Amended Complaint pursuant to the Court's Scheduling Order to assert claims under the **District of Columbia Human Rights Act (DCHRA, D.C. Code §§ 2-1401.01 et seq.)**, Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e et seq.), 42 U.S.C. § 1981, the Americans with Disabilities Act (42 U.S.C. §§ 12101 et seq.), and the National Labor Relations Act (29 U.S.C. §§ 151 et seq.), as well as related common law claims for intentional and negligent infliction of emotional distress and concealment.
2. This Amended Complaint supplements and replaces Plaintiff's original complaint, incorporating additional factual allegations and legal theories in accordance with the Court's Scheduling Order.

1

## PARTIES

3. **Plaintiff:** Samuel Shanks, a resident of Washington, D.C.
4. **Defendant International Union of Bricklayers & Allied Craftworkers (BAC):** Employer and labor union headquartered in Washington, D.C.
5. **Defendant Candice Dubberly:** Executive Director of Financial Management at BAC and a decision-maker in employment actions related to Plaintiff.
6. **Defendant Timothy Driscoll:** President of BAC, responsible for the overall management and leadership of the organization and ensuring a non-discriminatory work environment.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1367.
8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this Complaint occurred in Washington, D.C., and the Defendants reside and conduct business in this District.

## FACTUAL ALLEGATIONS

### Employment History and Discrimination

9. Plaintiff was a dedicated employee of BAC for over 20 years in the Accounting Department, known for excellence, loyalty, and stellar attendance.
10. During his tenure, Plaintiff was subjected to harassment, retaliation, targeting, systemic discrimination, excessive discipline, pay disparity, denied promotional opportunities, vilification, and bullying based on race, color, sexual orientation, and protected activity starting in 2007.
11. These discriminatory behaviors intensified between 2017–2021 following Plaintiff's participation in contract negotiations that successfully improved bargaining unit employees' leave benefits. Defendants viewed Plaintiff as a threat to maintain disparities between Black and White employees.
12. Plaintiff repeatedly advocated for fair treatment, reported discriminatory practices, and negotiated contracts beneficial to bargaining unit employees, yet suffered **retaliatory actions** including surveillance, work assignment manipulation, write-ups, and disciplinary measures.
13. Plaintiff being an unapologetically effeminate Gay man, displayed "Proud Union Queer" signage in and outside of my office in 2020 which further charged the mistreatment by the Defendants.

2

14. President Timothy Driscoll was made aware of the disparities and hostilities multiple times in his current capacity and his capacity as the Secretary Treasurer but chose to ignore and not address and allow regardless of who it hurt.
15. BAC is an inaugural member of the White House & US Department of Health & Human Resources Covid 19 Community Corps; a partnership fueled federally funded resources aimed at building up vaccine confidence especially in communities that have the highest level of vaccine hesitancy such as Black Americans, Tradesmen, etc.
16. Minority employees that are vocal regarding workplace issues are routinely targeted and penalized in comparison to the Defendant's White employees who are typically rewarded and promoted while participating in protected activities.
17. The Covid 19 Vaccine Mandate Policy was implemented differently than past employment policies and the Defendants refused to bargain in good faith regarding deadlines with the Employee Union which resulted to the negative impact of minority employees.
18. The Defendant has a history of racial discrimination that have caused retention issues among many educated Black employees. There are no Black employees in the position of Director or higher and Black employees are paid less and are rarely recognized for bonuses compared to their White counterparts.
19. Plaintiff filed a Charge of Discrimination with Equal Employment Opportunity Commission that was cross-filed with the DC Office of Human Rights on April 1, 2022 after huge delays in EEOC processing due to the Covid induced backlog impacting the agency (Plaintiff's Mandatory Intake Interview took place on March 2, 2022 nearly four months after Intake Questionnaire submission on November 19, 2021).
20. A Notice of Right to Sue letter was issued on September 26, 2022.

**Disparate Impact**

21. Plaintiff is one of only **three employees** that were **terminated** based on BAC's Covid-19 Vaccine Policy, which disproportionately affected Black employees.
22. All three terminated employees based on the BAC's Covid 19 Vaccine Policy are Black.
23. The policy was implemented **with minimal notice (46 days)** and did not provide adequate resources or testing options to Black employees, while over 70% of White employees received **2.5 months advance notice and resources**.
24. The policy's **disparate impact** was compounded by pre-existing medical conditions.
25. BAC's policies on **Building Access, Life Insurance**, and other benefits further **disproportionately impacted Black employees** in the bargaining unit compared to White employees.
26. BAC's past leaves policy also disproportionately impacted Black employees until Plaintiff successfully negotiated a fair and equal policy in 2017 which caused management resentment (Majority of Black Employees accrued ½ less leave than majority of White employees who received twice as much leave in advance); resulting in more disciplinary actions for Black Employees going into Leave Without Pay.

**Disparate Treatment**

27. Plaintiff suffered **disparate treatment** due to earlier deadlines and harsher enforcement of the Covid-19 Vaccine Policy compared to majority of White employees.
28. Plaintiff and other Black employees were denied severance pay, unemployment benefits, and career assistance routinely provided to White employees.
29. Plaintiff along with 89% of Black Employees were denied resources from BAC's partnership with the White House and US Department of Health & Human Services for the Covid 19 Community Corps such as the Vaccine Hesitancy Webinar with the Director of NIH.
30. Defendant is aware of the demographic breakdown of its employees, work assignments such as travel, etc.
31. Pay disparities, denied promotions, bonuses, rehiring, consulting opportunities with fair pay, and exclusion from key professional development opportunities illustrate ongoing **disparate treatment based on race and status as a bargaining unit employee**.
32. These disparities are historic, systemic and impacted Black employees throughout Plaintiff's tenure; regardless of employment grouping.

**Hostile Work Environment**

33. Plaintiff endured a **hostile work environment** created by Defendants' ongoing harassment, retaliation, and material adverse actions.
34. Defendants used proxies, including **Plaintiff's niece, brother-in-law, and close friends**, to discipline and intimidate Plaintiff indirectly.
35. Actions included:

    - Write-ups for nonexistent policies
    - Excessive punishment to my "proxies"
    - Fabricating witnessing activity to initiate surveillance
    - Ambush investigatory meetings
    - Surveillance
    - Office over-policing and door locking

36. Candice Dubberly directly contributed to several of those material actions mentioned above along with former General Counsel Bridget O'Connor and former Secretary Treasurer Robert Arnold.
37. The **totality of circumstances** doctrine applies, showing a pervasive hostile work environment from 2007–2021.
38. Plaintiff developed **professionally diagnosed PTSD**, anxiety, chest pains, eczema flare-ups, hair loss, and emotional trauma directly linked to Defendants' actions.
39. Plaintiff was impacted by the actions of the Defendant, especially Candice Dubberly, which impacted my ability to perform my job under normal circumstances and caused immense shame and fear.

### D. Medical and Disability Discrimination

40. Plaintiff has pre-existing medical conditions, including **asthma, eczema, and herpes zoster (shingles)**.
41. Plaintiff informed Defendants of his preexisting medical conditions on October 4, 2021 which caused him to have concerns of possible adverse reaction to the Covid Vaccine..
42. Defendant's Human Resources was aware of Plaintiff's pre-existing conditions prior October 4, 2021.
43. Defendants failed to engage in an interactive process or accommodate Plaintiff, despite being aware of EEOC Guidance from Kathleen Keller of Bredhoff,& Kaiser PLLC. regarding vaccine mandates, accommodations, disparate impact, etc.
44. Scientific studies support the risk:

    - A **NIH study (Sept. 2022)** found that Covid-19 vaccines caused **acute asthma exacerbation**.
    - A **U.S. Senate Permanent Subcommittee on Investigations report (May 21, 2025)** titled *"FAILURE TO WARN"* criticized federal agencies for downplaying risks of myocarditis and other adverse events following Covid-19 vaccination.

23. Defendants' failure to accommodate Plaintiff's medical conditions constitutes **disability discrimination** under the DC Human Rights Act and the ADA.

### Concealment

45. Defendants concealed **federal vaccine resources**, including a **Vaccine Hesitancy Webinar with NIH leadership**, from 89% of Black Employees to intentionally **impede informed healthcare decisions, thereby forcing minority employees to make medical decisions under duress**.
46. This concealment purposely caused undue stress, economic harm, and contributed to Plaintiff's wrongful termination.

### Retaliation

47. Plaintiff engaged in protected activity, including reporting discriminatory pay, advocating for equitable benefits, organizing and circulating petitions, and participating in contract negotiations.

5

48. Defendants retaliated through:

- Investigatory meetings
- Write-ups
- Suspension and termination
- Reduction of Company Benefits
- Denial of unemployment and severance benefits
- Surveillance
- Withholding Covid Related Resources
- Hastily Implementing Policies targeting certain groups

## Intentional and Negligent Infliction of Emotional Distress

49. Defendants' extreme and outrageous conduct caused severe emotional distress, including:

- Humiliation, fear, anxiety, and shame
- PTSD, panic attacks, and social withdrawal
- Loss of professional identity and diminished quality of life

50. Actions contributing to emotional distress include termination via UPS, shipping personal belongings without tracking number which resulted to my boxes being left out in the rain, surveillance by management, and proxy targeting of family/friends.

## CLAIMS FOR RELIEF

**Count I – Discrimination (Including Disparate Impact and Treatment) and Retaliation under DCHRA (D.C. Code §§ 2-1401.01 et seq.)**

**Count II – Race and Sex Discrimination under Title VII (42 U.S.C. §§ 2000e et seq.)**

**Count III – Race Discrimination under 42 U.S.C. § 1981**

**Count IV – Disability Discrimination under the ADA (42 U.S.C. §§ 12101 et seq.)**

**Count V – Retaliation under the NLRA (29 U.S.C. §§ 151 et seq.)**

**Count VI – Hostile Work Environment (Totality of Circumstances; Continued Violation Doctrine)**

**Count VII – Concealment / Fraudulent Misrepresentation**

**Count VIII – Intentional and Negligent Infliction of Emotional Distress**

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court to grant:

1. Back pay and front pay due to loss of employment (interest calculated at prevailing rate).
2. Compensatory damages for emotional distress, reputational harm, and other non-economic injuries.
3. Loss of retirement and pension contributions/benefits.
4. Loss of health insurance, life insurance and other benefits.
5. Punitive damages as permitted by law.
6. Court costs and reasonable attorney's fees.
7. The amount of tax on the verdict.
8. Diversity and management training for all Defendant's management by a firm that specializes in that area that is not affiliated with Defendant or their current Outside Counsel
9. For those individuals that are responsible for initiating/maintaining the forementioned abuses to be identified, sanctioned and formally disciplined
10. A full structural analysis of the organization to identify areas of managerial deficiency that has enabled discriminatory practices
11. For resources to be made directly available to all employees to ensure the awareness of their Civil Rights in the workplace
12. For effective mechanisms to be put in place to end the legacy of decades of systemic racism at the organization so no person of color will have to experience what so many of us had to endure
13. Payment for CPA and Managerial/Financial Licensing classes/books and professional examinations and
14. Any other relief the Court deems just and proper

Dated: August 25, 2025

Respectfully submitted,

/s/ Samuel E. Shanks
Samuel Shanks
5731 Kansas Avenue, NW
Washington, DC 20011
Tel: (202)251-0290
Samuel.shanks@gmail.com

Pro Se Litigant for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing, supporting documents and exhibits were sent on this 25th day of August, 2025, via email, to Defendant's counsel ckekacs@bredhoff.com & knaseef@bredhoff.com.

/s/ Samuel Shanks
Samuel Shanks (Pro Se Plaintiff)